**Randy D. JUNKER, Respondent,**

v.

**ALLSTATE INSURANCE COMPANY, Appellant.**

**No. C5–92–744.**

Court of Appeals of Minnesota.

Sept. 29, 1992.

John D. Scholl, Bernardy & Scholl, Worthington, for respondent.

Louise A. Dovre, Brian A. Wood, Rider, Bennett, Egan & Arundel, Minneapolis, for appellant.

Considered and decided by HUSPENI, P.J., and CRIPPEN and NORTON, JJ.

## OPINION

CRIPPEN, Judge.

Respondent Randy Junker commenced this declaratory judgment action seeking a determination whether he was entitled to recover underinsured motorist benefits from his insurer, appellant Allstate Insurance Company. The trial court granted respondent's motion for summary judgment and denied Allstate's. We affirm.

## FACTS

Respondent was injured on July 18, 1986, when his motorcycle struck a squad car being driven by Cottonwood County Deputy Sheriff Henry Housman. At the time of the accident, Housman was chasing a motorcycle driven by Frank Wallert.

Respondent brought a tort action against Housman and Wallert. Housman was insured by the Minnesota Counties Insurance Trust, which provided liability limits of $200,000 per person. Wallert carried $30,000 of liability insurance on his motorcycle. Prior to trial in the tort action, respondent settled his claim against Wallert for $25,000. Appellant Allstate received proper notice of the settlement and declined to substitute its check in place of that of Wallert's insurer.[1] Respondent's claim against Housman proceeded to trial. The jury awarded respondent damages of $107,301.29, found all three parties causally negligent, and apportioned the damage 62.5 percent to Wallert, 25 percent to respondent and 12.5 percent to Deputy Housman.

Respondent sought underinsurance benefits from Allstate. Allstate argued that since Wallert and Housman had a combined liability coverage of $230,000 at the time of the accident, Junker was not entitled to recover. Junker contended that Wallert, the only defendant against whom he was legally entitled to recover damages, was underinsured. He subsequently succeeded in the present declaratory judgment action to determine that he was entitled to underinsurance benefits.

## ISSUE

Did the trial court err in determining the insured could recover benefits where the combined liability limits of the tortfeasors exceeded his damages?

## ANALYSIS

### I.

■ Respondent Junker was entitled to summary judgment if there were no genuine issues as to any material fact and the trial court could determine the case as a matter of law. Minn.R.Civ.P. 56.03. The trial court's decision was based on its interpretation of the No–Fault Act, a question of law which this court reviews de novo. See A.J. Chromy Constr. Co. v. Commercial Mechanical Servs., Inc., 260 N.W.2d 579, 582 (Minn.1977).

### II.

■ It is undisputed that underinsured benefits are not payable when the available liability limits exceed the underinsured claimant's damages. See Royal–Milbank Ins. Co. v. Busse, 474 N.W.2d 441, 443 (Minn.App.1991). At issue in the present case is how the available liability limits are to be determined.

The No–Fault Act specifies that underinsured motorist coverage is intended to compensate persons legally entitled to recover damages from tortfeasors whose liability coverage is insufficient. Minn.Stat.

---

**1.** The settlement was concluded by exchange of payment for a *Pierringer* release expressly preserving only respondent's right to proceed with his claim against Housman. *See Frey v. Snelgrove,* 269 N.W.2d 918 (Minn.1978) (prescribing Minnesota practice on settlement and release under *Pierringer v. Hoger,* 21 Wis.2d 182, 124 N.W.2d 106 (1963)). We observe a recent decision that, for at least some purposes, uninsured—underinsured motorist coverage is viewed as a substitute liability insurance policy covering the uninsured or underinsured tortfeasor. *McIntosh v. State Farm Mut. Auto Ins. Co.,* 488 N.W.2d 476, 478–80 (Minn.1992). Allstate has not claimed in this case, however, that the general release to Wallert adversely affected respondent's underinsured motorist claim. *See Schmidt v. Clothier,* 338 N.W.2d 256 (Minn. 1983) (notice to settlement to claimant's insurer preserves underinsurance rights, although general release given to tortfeasor).

§ 65B.43, subd. 19 (Supp.1985). The Allstate policy similarly defines an underinsured automobile as one which is insured in an amount less than "the applicable damages the insured person is legally entitled to recover."

Respondent Junker is legally entitled to recover damages from Wallert. Respondent's damages are greater than Wallert's available liability coverage.[2] The fact that Housman's liability limits exceed Junker's damages is irrelevant; respondent is not legally entitled to recover damages from Housman.

Both respondent and appellant Allstate rely on *Johnson v. American Family Mut. Ins. Co.*, 426 N.W.2d 419 (Minn.1988). Johnson, a minor passenger in a school bus, was injured when the bus driver swerved into a ditch to avoid striking a car parked on the wrong side of the road. Both the bus driver and the driver of the car were found negligent. Since the claimant was legally entitled to recover from both drivers, their combined limits of liability, $1,100,000, were available. *Id.* at 420. Because Johnson's damages did not exceed $1,100,000, he was not entitled to underinsured motorist benefits. *Id.* at 422. In this case, Junker is legally entitled to recover damages only from Wallert. Consistent with *Johnson*, only Wallert's liability limits will be considered.

In the trial court and in its main brief, appellant Allstate asserted it was entitled to arbitrate these issues. The governing policy requires that both parties agree to arbitrate before arbitration will proceed. There has been no such agreement.

In its reply brief, appellant raises the claim that it is entitled by the policy provisions to a trial de novo on the issues of liability and damages. This argument was neither pled nor litigated in the trial court, and we will not consider it on appeal. *See Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn.1988) (court of appeals may not consider issue not litigated in trial court). In the trial court, in fact, the insurer defended the jury's verdict, arguing that respondent was not entitled to underinsurance benefits because his damages, as found by the jury, did not exceed $230,000.

## DECISION

 Underinsured motorist coverage is available when the claimant's damages exceed the liability coverage of all persons from whom the claimant is legally entitled to recover damages.

Affirmed.

---

2. Respondent is entitled to recover the $5,000 "gap" between the settlement amount of $25,000 and Wallert's liability limits of $30,000 from Allstate. *Broton v. Western Nat'l Mut. Ins. Co.*, 428 N.W.2d 85, 89–90 (Minn.1988); *Onasch v. Auto–Owners Ins. Co.*, 444 N.W.2d 587, 590 (Minn.App.1989), *pet. for rev. denied* (Minn. Oct. 25, 1989).